Well, you look eager and ready to go. I am, Your Honor. Good morning, ladies and gentlemen. Judge Pius and I, we want to welcome Judge Beam here from Lincoln, Nebraska. And he'll be with us this week. And we have many wonderful people and judges and lawyers in Los Angeles from Lincoln, Nebraska. He's a former mayor, a former U.S. Attorney General, and Judge Hill, who's served on the district court for many, many years. All right? You're not from Lincoln, Nebraska, are you? No, Your Honor. Well, that's too bad. Go ahead. Okay. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. My name is Mark Ebert, and I am pleased to represent Mr. John Andrew Hassel today. I'd also like to reserve four minutes of my time for rebuttal. Starting with the medicinal marijuana issue, let me be the first to observe, and I suspect a lot of people will be referring to this, but let me be the first to observe that this argument is occurring on the day of the California recall election. And in the case of Mr. Hassel, he is much less concerned with who wins that election because each of the six major candidates, each and every one of them has indicated publicly as part of their campaign their support for the right of people like Mr. Hassel to use medicinal marijuana. Now, I've said in my briefs that the fact that this— I haven't heard that. That's a question of debate, Your Honor. How did that help Mr. Hassel? Well, as I said in my briefs, and I'll say it again, the fact that Mr. Hassel was using marijuana for medicinal purposes, the fact that he had a prescription from his physician, the fact that he was acting in his belief pursuant to California law, none of these things in and of themselves are a defense to the charge of assaulting a Federal officer. Have any of the candidates indicated they support the use of marijuana in the Federal courtroom? I don't believe that's been an issue yet, Your Honor. But I do have to say that the things that I've just referred to are clearly a part of the factual context of what happened in this case. And that means that unless we change the meaning of the word relevance for medicinal marijuana cases, that the use of marijuana for medicinal purposes is at least relevant to both the prosecution and to the defense in many cases, not all, but many cases. And what bothers me about this case is that there seems to be a different standard of relevance applied when medicinal marijuana is involved. It seems that in the Federal government's rush to affirm that they have the final say about whether sick or disabled people can use marijuana as prescribed by their physicians, they're essentially eliminating not just the, quote, medical marijuana defense, end quote, but every defense to which the medicinal use of marijuana might be relevant. Well, this was a conditional plea, wasn't it? It was, Your Honor. Well, is, you know, an evidentiary ruling, is that a proper subject for a conditional plea? I think that he, yes, he reserved the right and the district court reserved the right to him. You can reserve a lot of rights. I remember I had a pro per when I was in the municipal court, and I asked him if he waived his right to a jury trial, and he said, I don't waive any rights here or in the hereafter. So, I mean, have you researched this issue? Your Honor, he – there was an evidentiary ruling. That ruling was preserved both by Mr. Hassel's objection and by the objection of his attorney and by the agreement of the district court that he could appeal it. And I – Was there ever a formal motion to exclude all of this? Yes.  No, Your Honor. The government filed a motion, which is in my excerpts of records, a motion in limine to exclude the medicinal marijuana evidence. It was, I think, two paragraphs long. There was no opposition filed. When the parties came to court, the court announced that it was going to grant the motion, and then after it said that, that's when Mr. Hassel objected and when his attorney said, oh, and by the way, we just feel that he has to be able to show that he's not just a scofflaw who likes to smoke marijuana in courtrooms, but that he has a legitimate reason for doing this. When the district court first addressed this issue, it seemed to indicate that it might allow some evidence. That's not how I read it. The way I – The very first time the district court addressed it, when there was some dialogue about whether or not a prior incident was going to be allowed to be presented to the jury. I agree with Your Honor that the record is somewhat confused. The way I remember it and the way I understand it is that the court said, you know, look, I'm not going to say what Mr. Hassel himself can say, but if he wants to call, for example, the physician who prescribed the medicinal marijuana for him, if he wants to put on any witnesses who will say, you know, I had to take this because I'm terminally ill, you know, I need this because my physician, you know, prescribed it and so on, that he was going to exclude that evidence and that if Mr. Hassel were to say anything on his own behalf on that issue, that the court would instruct the jury and comment upon that. So, I mean, it was pretty clear that the court wasn't going to allow it. And furthermore, I think that the – Even if the government had produced evidence on the former incident, on the prior incident, your understanding is that the district court would not have allowed any evidence of that. I'm sorry. Now, that's – that was the second point I was going to make, which is that the court discussed but did not rule upon the question of whether if the government opened the door by bringing in the evidence that on October 5th he had been cited by the same officer for the same offense, the use of medicinal marijuana in the courtroom, the court said, well, I'll have to think about that. You know, I don't know what I would do in that case, and it never really was resolved. Didn't he say to the government, if you walk down that road, then very likely you're going to have to let Mr. Hassel – I think he indicated that he needed – you know, my memory is that he indicated that, yeah, that's an issue that I'd have to think about some more. He may have expressed some thought that that might happen, but I don't think he actually ruled on it. And nor do I think we know whether the government was going to – would have ultimately introduced that evidence or not. Going back to Judge Pregerson's question, do you know if the comments under the rule permitting conditional court, they say that unless the result will determine the ultimate outcome of the case that this is not a proper subject for a jury trial or a plea like this? I'm sorry. I don't know the answer to that question. I probably should. But I will say that this case was not just an evidentiary ruling. It's not just saying you can have one – one particular witness or one particular piece of evidence, but you can do something else. In this case, it was his entire defense. It was his defense that was excluded, because unless he can say why he was smoking marijuana, what the officer who previously arrested him for the same thing before knew about why he was smoking marijuana. Well, I don't understand why that's a defense to assault on a Federal officer. It – self-defense is a defense to assault on a Federal officer. What does that have to do with self – Self-assault is a defense. What does that have to do with assault? I mean, with the elements of the charge that the government would have to prove. If the defendant raises the affirmative defense of self-defense, which Mr. Hassel did on his own behalf at one of the very first hearings in this case, then the government has an additional burden of proving that there was not reasonable act of self-defense. I have – I'm sorry. I have the exact quote in my brief. And here, that issue was raised. Your Honor, I'm still trying to understand why smoking marijuana in the Federal courthouse is relevant to his defense of self-defense. What is it about that? Mr. Hassel was, as the record reflects, a disabled and very sick man who was smoking on the advice and with the prescription of a physician, who had been cited by the same officer for medicinal marijuana use in the same courthouse previously. And it is relevant to – both to what the officer knew, whether it was reasonable for him to apply a chokehold to subdue the man who previously he'd simply issued a citation to, whether it was reasonable for Mr. Hassel to believe that the force used was excessive, that there may have been some other reason for the force that was used, such as racial animus, which is something that he raised before the district court. I mean, again, we come back to what is relevant and what is the meaning of relevance. And I think under the rule – the standard set by Rule 402, it's more than a little relevant to that defense, and that was his defense. And I had more to say, but I would like to reserve it. Can I ask you a couple questions? Sure. He's a veteran, is he? He is. And he's disabled? He is. Is he drawing a disability pension from the Veterans Administration? I don't know. I do know that he's treated in veteran hospitals. I don't actually know about his pension situation. And he's homeless? He is. He has no income? Not that I'm aware of. And he's not capable of working? I – he – I know that the record indicates, and he says that he's disabled. I don't know the details of it. I'm sorry. You don't think that's important? I think the fact that he's disabled is very relevant to whether the use – the force used was reasonable. The record here indicates it's not. What I'm telling you is that he may be entitled – I know a lot about veterans' benefits. He may be entitled to benefits. Mm-hmm. And does he have an honorable discharge? I don't know. All right. So he may be entitled to benefits, and if you're his lawyer and you've got compassion for him, you ought to check on it. All you've got to do is call the Veterans Administration right here in San Francisco, and they'll tell you. Okay. Give them his name, his number, and everything, and they'll let you know in a couple minutes. Okay. I'm afraid I'm out of time. You know, and if he's totally disabled, even though it's not service-connected and he can't work, he can get a pension of a couple thousand dollars a month. He doesn't have to be homeless. May it please the Court. My name is Maureen Bissett, and I represent the United States, the appellee in this matter. Your Honors, the issue of the marijuana and the use of marijuana by the defendant I believe raises three issues. What exactly is relevant about the defendant's use of marijuana in court? There's the issue of is it relevant the defendant was using marijuana in Federal court on the day of the assault? There's the issue of whether or not the defendant's disability is relevant for the jury. And there's a third issue that the defendant is trying to, the appellant is trying to raise now, whether or not the purpose for which the defendant was using the marijuana is relevant. The government and the district court agreed that the defendant's use of marijuana in the courtroom is relevant. That was part and parcel of the incident. He was smoking marijuana, and that's why he was approached by the officer. The second issue, whether the defendant's disability would be relevant for some defense regarding excessive force, that wasn't excluded by the court. It wasn't requested to be excluded by the government. And it was the third issue, the reason why the defendant was smoking marijuana. That was irrelevant. That wasn't relevant to any of the issues at trial. It wasn't relevant to any of the elements of the offense. And that was the sole issue that the government requested that the district court exclude and that the district court did exclude. The government, Justice Paez, did file a motion. It wasn't two paragraphs. It was, I believe, five pages. And we laid out in a short brief why we believe that evidence was irrelevant to a general intent crime, assault on a Federal officer. Counsel, are these issues properly before us? Your Honor, I took a moment to look at 11A1, which deals with conditional pleas. I believe it was and is relevant in a conditional plea. Did you get a chance to read the comments? I didn't, Your Honor. Have you read United States v. Scott, a Ninth Circuit case decided in 1989? It says conditional pleas should be allowed only when the decision of the court of appeals will dispose of the case, either by allowing the plea to stand or by such action as compelling dismissal of the indictment. That's not what we have here, is it? I don't believe we do have that here. No, I have not researched that issue, Your Honor. Well, the committee notes, State, that conditional pleas will be allowed only when the decision of the court of appeals will dispose of the case, either by allowing the plea to stand or by such action as compelling dismissal of the indictment or suppressing essential evidence. Well, it does not appear that this is such an issue. You didn't even read the notes, did you? I did not read the notes. The government was just interested in really settling this case. Isn't that correct? You didn't want to go to trial with this case. About anything you needed to do to get this case settled was on the table. Isn't that right? Well. That's what it looked like to me from reading the whole thing. Your Honor, at the point in time we received Dr. Kessler's report back which stated that the defendant was most likely competent and the term was most likely. Dr. Kessler laid out the defendant's psychiatric history and mental state. Based on that report, I took it back to my supervisor to alert my office to the fact that the defendant had a 20-year psychiatric history, that the defendant was most likely competent. Was this the type of defendant we wanted to prosecute? My office at that point agreed that we could go forward with pretrial diversion because we thought that was the best way to dispose of this case. The defendant refused to have that. He didn't want to go through with that, and then you had to come up with another way to try to dispose of the case, and you came up with this conditional plea agreement. Well, the government did not come up with this conditional plea. But the government had to consensual it. The government did have to consent to it, but we didn't. You could have said no. We could have said no, Your Honor, but we didn't. Then there wouldn't have been a conditional plea. That's correct. We would have just gone to trial and had a conviction. And you didn't have to – you didn't even have to bring the marijuana issue up. I'm sorry. I don't understand that. You didn't have to bring up the fact that he was smoking marijuana in the courtroom. I didn't have to before the jury?  You didn't have to do that. Well, the government believed that was very relevant. Well, you could have just stipulated with defense counsel that the – well, I don't know why you just couldn't go into the assault. Because – I mean, if there's something that's prejudicial, there's ways of keeping it out on both sides. Well, Your Honor, first of all, it was very difficult to negotiate in any way with the defense attorney and the defendant because the defendant had very strong opinions. I don't believe he would have agreed to stipulate on anything based on my particular experience in the case. Secondly, I think it was very relevant for the jury to know that the defendant was approached by an officer for a specific reason in Federal court. And when the officer approached the defendant, this is the incident that took place. This wasn't the first time the defendant had had an interaction with this officer. In fact, several months prior to that, he had had an interaction that was non-confrontational where the officer merely cited him and they both went on their way. There was no negative interaction on either side. So I think it was relevant for the jury to know that, first of all, the defendant did know that this individual was an officer, and that goes to his intent. If he knew that the individual was an officer, why was he resisting at that point? That's an issue for the jury. Also, the jury has to see why the officer was approaching this individual. This individual was in Federal court. But, you know, he's not normal. I mean, you would get a person, a normal person, sitting in a Federal courtroom smoking marijuana. And probably should have just given him a citation and gone on your merry way. But the officer the second time should have just given him a citation? Probably. Well, what the officer was trying to do, the courtroom was crowded with people and matters were about to be heard. The officer tried to have him removed from the courtroom briefly or to have him stop smoking marijuana so that the court proceedings could take place. If he issued him a citation, Mr. Hassel would have remained in the room and the proceedings would not have been able to go forward. Did the judge ask that he be removed? There wasn't a judge, Your Honor. This was the petty offense calendar, and it's handled by the U.S. law clerk. The U.S. law clerk. Was it what? It's the petty offense calendar. Oh, petty offense. Oh, I see. And it was handled by the chief law clerk who is with the U.S. attorney's office. When she came out to begin the matters, the courtroom was crowded with people, and she approached Mr. Hassel and told him that he was not allowed to smoke in the Federal building. He continued to smoke, and so she went back and got Sergeant King, who was in the back jury room with all the other Federal officers waiting for the matters to be called on citations they had issued. When Sergeant King came out to ask the defendant to stop smoking. So a member of the U.S. attorney's office acts like a judge in these matters? That's right. If people agree to that. There's a Federal defender present, a law clerk from the Federal defender's office, and then the law clerk from the U.S. attorney's office. The individuals that are being brought in on the citations are told they can resolve this if they want through the use of these two individuals. If they don't want, they can go forward with the matters. At his prosecution, he couldn't smoke anything in the courtroom, could he? No, he could not, Your Honor. So at the prosecution, why couldn't he? Smoking in the courtroom, that was enough. Your Honor, that could have happened. I think that it's really not the issue. The defendant, my understanding was, was going to testify, and the reason he wanted to testify, I believe, and to have a forum in Federal court was because he wanted his opinion heard on the marijuana issue. In fact, it appeared that some of his conduct was intentionally provocative so that he could have a platform to have that opinion heard. Well, since you were trying to avoid giving him a platform, it would have been simple to have simply adduced that he was smoking rather than smoking marijuana, and that would all have gone away, wouldn't it? I don't believe it would have all gone away, Your Honor. See, that's why the judges in the Midwest are so wise. That's all you had to do. I mean, I suspect that average Federal district judge would have let you approach the evidence that way. The problem with that, Your Honor, is that if we had tried to limit our case and what our case was about, the defendant, who was, as I know, the only witness who was going to be testifying in the defense, was not going to be limiting any of his testimony. The Court said that it's almost impossible to do a limiting, you know, to require the defendant to limit his testimony. So if the defendant started bringing out issues about the medicinal use of marijuana, then the jury, I believe, would have felt that we were hiding things, and we would have had to get into those issues anyway on rebuttal to bring out the prior incident and explain the history so that the jury understood the intent. So you just object, objection sustained. Well, and then the jury's already heard it, and the defendant … The judge would have told him to disregard it. Well, the problem with that, Your Honor, is having spent a number of different court sessions with the defendant, he was not an individual who was going to be easily controlled by the Court. He was not an individual that was going to be told what he could and could not say. So I believe those issues would have been brought out in front of the jury a number of times, and that the jury would have been left wondering why the United States had failed to tell it what the real facts of the case were. If we were to – following up on Judge Ferguson's question, if this were not a proper – if this evidentiary ruling were not a proper subject of a Rule 11 conditional plea, what would – and I know you haven't thought about this, but what do you think the consequence would be? Well, I suppose this Court could send it back down for the Court to … Let him withdraw his plea and go to trial. We could do that. I haven't researched it, but, I mean, that appears to be one of the consequences. I don't know. Well, Your Honor, I see I have 26 seconds left. So if I may summarize – or maybe actually I'm past the clock. If I may summarize, the government doesn't believe that the use of marijuana was relevant to any of the issues at trial, and the district court's ruling in excluding that evidence was correct in the proper ruling. Thank you. Okay. Thanks. The matter will stand – oh, you got some rebuttal? I'm loud. Yeah. I mean, did you read the notes under that provision? I'm sorry. I don't have that provision. I – and I apologize that neither one of us anticipated that issue. I will say in response to what Your Honor has read from the notes that it sounds like one of the grounds for which a conditional plea is allowed is a ruling that I haven't read the exact language, but certainly the ruling here suppressed not only essential evidence of the defense, but his entire defense and all of the evidence that he had as practical matter. I'm interested to see that the government believes that – I still don't understand how that's a defense. It's – it is a – self-defense is a defense and lack of intent to assault are defenses. And if Mr. Hassel believed, reasonably believed, that the force used was excessive, that it was for reasons other than the smoking of marijuana, then that's relevant to his defense. It's also relevant whether he intended to assault the officer or whether he was merely trying to protect himself against what appears to him to be an assault. So, again, under the standards of relevance, which under 402 are very broad and very liberal, I think it more than meets that standard. Well, just because something's relevant doesn't mean it comes in. Well, but 403, for example, was not raised here. The sole ground of the ruling was that it's not relevant under 402. You didn't raise it, did you? I wasn't the trial lawyer. Well, I mean, whoever was the defense counsel didn't raise it. Didn't raise 403? Well, that would be the government's burden to do that. Neither the government nor the trial court raised any other thing other than Rule 402. And, yes, there was a four-page motion there, but only two paragraphs of it related to this issue. Basically, they said it's not relevant, citing Oakland Cannabis Cooperative, which was the case not really on point here. This was just a motion to eliminate all this? That's correct. Well, but I think that he already did make his ruling. Well, that's when it's made because you can't do the balancing unless you know the context. You can only do it in the circumstances of the trial. Unfortunately, the trial court felt that he could do the balancing, and he did it. And that was that ruling was essentially what decided the case and what led to the conditional plea, which the government agreed would be a conditional plea. But no one raised 403, did they? No. Okay. So he didn't do the balancing. Well, I don't think it wasn't raised by the government or by the court, no. Yeah. Okay. Everybody was asleep. I think that everybody wasn't really listening to Mr. Hassel is what I think. Good retort. Thank you, Your Honor. Okay. The matter will stand submitted.
judges: Pregerson, Beam Paez